Scott, J.
It is provided by tbe code of civil procedure that an action may be dismissed by the plaintiff without prejudice to a future action before the final submission of the case to the jury, or to the court, where the trial is by the court; and that in any case where a set-off or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of Ms claim, although the plaintiff may have dismissed his action or failed to appear. In the exercise of the light thus clearly given, the plaintiff in the court below dismissed his action without prejudice, and thereupon the court allowed the defendants, on their motion, and against the objection and exception of the plaintiff, to proceed to the trial of the counterclaim alleged to be contained in their answer.
The first question arising upon the record is whether the court below erred in thus proceeding to hear and determine the case upon the answer and reply, and in decreeing a cancellation of the note in question as asked for by defendants in their answer.
Are the allegations of the answer such as entitle the defendant to affirmative relief? If so, it may properly be regarded as a counterclaim. Hill v. Butler, 6 Ohio St. 216; 14 Ohio St. 31.
The facts alleged in the answer are: That the note was executed by defendants without consideration; that the plaintiff was not the dona fide holder or owner of the note; that it had not been for a valuable consideration assigned or delivered to the plaintiff; that it was obtained by the plaintiff without consideration, and is held in fraud of defendants’ rights.
No definite act of fraud is charged against the plaintiff, and the averment that it holds the note in fraud of defendants’ rights can be regarded only as an inference or conclusion drawn by the pleader from the facts previously *130 stated. The allegations of the answer certainly constituted a full and perfect defense to the action; and, if maintained by the evidence upon the trial of the action, would clearly have entitled the defendants to a judgment in their favor: Under our code of civil procedure no interposition of a court of equity was necessary to give the defendants the full benefit of the facts pleaded in their answer, by way of defense. And unless the facts stated in the, answer were such as entitled defendants, after judgment in their favor on the plaintiff’s 'cause of action, to further affirmative relief, then their answer, though unobjectionable as a defense, constituted no valid counterclaim, and left nothing to be tried by the court, after the voluntai’y dismissal by the plaintiff of its action.
The equitable relief asked by the defendants, and granted by the court below, was the cancellation of the note sued upon. The grounds upon which that relief was asked constituted a perfect defense to the action at law which had been brought by the plaintiff, and was then pending. The general rule in such eases undoubtedly is, that where a party„has a complete defense at law, he can not resort to equity. Metler’s Adm’r v. Metler, 3 C. E. Green (N. J.) 272. The exceptions to this rule, however numerous they may be, are all founded on.the sound principle that equity will intervene not only to remedy, but also to prevent injustice. In the language of Judge Story, in’his Equity Jurisprudence, section 701“ The whole doctrine of courts of ■equity on this subject is referable to the general jurisdiction which it exercises in favor of a party, quia timet.”
All the facts set up in the answer of the defendants as a •defense to the plaintiff’s action were traversed by the petition and reply of plaintiff. And the issues of fact thus joined between the parties could not have been tried without plaintiff’s consent otherwise than by a jury. 'We find it impossible to see in this answer anything more than mere matter, of defense to plaintiff’s cause of action. The defendants sought no discovery for the purpose of aiding them in making defense to the action at law; they showed *131 no grounds for enjoining the plaintiff from proceeding to the trial of his pending action at law, nor did they ask for such relief. They do not allege that the plaintiff obtained the possession of the note by fraud, and should therefore not be allowed to retain such possession; but they seem to us to base their demand for equitable relief, by a cancellation of the note, on the sole ground that the note in question was executed by them without consideration, and was obtained and held by the plaintiff' under such circumstances as made this want of consideration a good defense, both at law and in equity.
No facts are stated in the answer, which show that the defendants had reason to fear that the plaintiff' would use the note in question for the purposes of wrong or injustice, or that it might be so used as to render their defense to it less effective, or more difficult.
No ground, therefore, was laid to invoke the jurisdiction of a court of equity in favor of the defendants, quia timent. And on this ground alone-could they have been entitled to affirmative relief in equity. The answer made no case requiring the prevention of probable or even possible injustice. If the issues of fact made by the pleadings were found by the verdict of the jury in favor of defendants, they would be entitled to a judgment in their favor, which would as effectually protect them from further molestation as would an order of cancellation by a court of equity.
"We think, therefore, that defendants’ answer showed no ground for affirmative relief, and was not such a counterclaim as authorized the court below to retain the cause for hearing after the dismissal of the plaintiff’s cause of action.
And here our investigation'might well end. But it may not be improper to consider another question raised by the assignments of error in this case. The court below found, among other things, that the note in suit was obtained by the plaintiff without fraud in fact, and also^ound sundry facts which, as it seems to us, were not put in issue by the answer and reply upon which the case was heard, but which *132 were in fact made the basis of the decree entered in the case. The court found as a fact in the ease, that after the filing of defendants’ answer and counterclaim in the case, the plaintiff dismissed its action without prejudice, and instituted a suit on the note against the defendants and one of the indorsers, in the Circuit Court of the United States, within and for the Southern District of Ohio, where the same is now pending, and in which they are seeking to obtain a judgment for the full amount of said note against the defendants. And, as conclusions of law, the court found “ that under the law of Ohio said Weyand & Jung are not liable to the plaintiff upon said note, in any event, because the same was made by them without consideration, and purely for the accommodatioh of George M. Bacon & Co., and was taken by the plaintiff as collateral security merely for the prior indebtedness of said Bacon & Co. to it; while by and under the laws of the United' States, as held and administered in said United States Circuit Court, they would in such case be liable to the plaintiff upon said npte, and for the full amount thereof.” And the court further found and held as a conclusion of law “ that as the plaintiff is claiming the right and seeking to recover the amount of said note from said Weyand & Jung, they are entitled to a judgment against said plaintiff for the cancellation of said note, as to them, with costs, and the same is hereby adjudged and decreed accordingly.” Now, admitting that the facts found by the court would constitute a good defense to plaintiff’s action at law, yet the ground upon which equitable relief was granted was that the plaintiff would, upon the state of facts found by the court, obtain a judgment in an action at law, then pending between the parties in a court of concurrent jurisdiction. The plaintiff’s action in the court below having been dismissed without prejudice to its right to bring another action, the choice of forum, in bringing such new action, belonged to the plaintiff; and the court below was not authorized to find, as a couclusion of law, that the Circuit Court of the *133 United States would make á wrong decision as to the law arising upon the facts of the case.
It was not within the province of the court below to grant equitable relief for the sole purpose of preventing anticipated error in a sister court of concurrent jurisdiction.
The judgment of the court below must be reversed and defendants’ counterclaim be dismissed.